■ RICHARD PARTRIDGE, Respondent, v JOSEPH BATTIATO, Appellant. — In an action pursuant to RPAPL 861 to recover treble damages for the destruction of trees, defendant appeals from so much of an order of the Supreme Court, Orange County (Stolarik, J.), dated July 30, 1981, as denied his cross motion for summary judgment. Order reversed, insofar as appealed from, on the law, with $50 costs and disbursements, and cross motion granted. Plaintiff alleges in his complaint that some 90 trees on his property had been cut down and accused the "defendant, his agents, servants or employees" of having cut the trees. He had seen a "couple of men" cutting the trees. At his pretrial deposition, the plaintiff admitted that he had never before seen the defendant and that he did not know whether he could identify the two men he had seen. He offered no evidence of defendant's involvement, asserting only that the defendant owned the adjacent land. The defendant testified that he had given permission to a man who did summer work for him to cut trees on his own property, that he had shown the person the boundary between his property and that of the plaintiff (marked by a 15-foot wide ditch) and that he had not cut the trees. The man submitted an affidavit in which he averred that the defendant said he "could have" timber on his (defendant's) own property, that he was familiar with the boundary of defendant's property and that he had not cut any trees across the boundary. Plaintiff's failure to come forth with any evidence to associate the defendant with the cutting of the trees, his failure to controvert the evidence offered by the defendant and his failure to identify the defendant or anyone else as one of the men who cut the trees require that summary judgment for the defendant be granted. Mollen, P. J., Titone, Thompson and Rubin, JJ., concur.