■ NOLAN R. HADIX et al., Respondents, v GEORGE L. SCHMELZER et al., Appellants.—In an action for a judgment declaring, *inter alia,* that the plaintiffs are the owners of certain real property free from any claim by the defendants, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Corso, J.), entered February 20, 1990, which is in favor of the plaintiffs.

Ordered that the judgment is affirmed, with costs.

The defendants contend that the boundary line between their property and that of the plaintiffs was established by practical location, in that the plaintiffs acquiesced in the placement of a "fence" establishing the boundary. We disagree. "Practical location of a boundary line, to be effectual, 'must be an act of the parties, either express or implied; and it must be mutual, so that both parties are equally affected by it. It must be definitely and equally known, understood and settled. If unknown, uncertain, or disputed, it cannot be a line practically located.' *(Hubbell* v. *McCulloch,* 47 Barb. 287, 299.) Where land is unimproved and uncultivated, the mere running of a line through the woods, *ex parte,* by one of the owners, so long as such line is not settled upon and mutually adopted by the adjoining owners as a division line, is an immaterial fact. In such a case, until the adjoining owner

shows his assent to it, it would amount to a mere expression of the individual opinion of the owner who ran the line" *(Adams v Warner,* 209 App Div 394, 397; *see also,* 1 NY Jur 2d, Adjoining Landowners, § 142).

The evidence here clearly establishes that at no time did the plaintiffs acquiesce in the establishment of the boundary line by the placement of the fence. The plaintiff Munn cut the fence wires to avoid any such claim. The only time Munn did not cut the wire, he declined to do so only to avoid a conflict between the defendants and Munn's agent, who was clearing the land. In any event, shortly thereafter, Munn tore the fence down completely. Thus, the boundary line was not established by practical location.

Furthermore, the boundary line as claimed by the plaintiffs was overwhelmingly established by the testimony of three licensed surveyors. The only evidence offered by the defendants to the contrary was based entirely on the calculations made by one of the defendants, with no license or training in surveying. The evidence overwhelmingly favored the plaintiffs and the trial court properly found in their favor.

We have examined the defendants' remaining contentions and find them to be without merit. Sullivan, J. P., Balletta, O'Brien and Copertino, JJ., concur.