■ GARY J. OSLAND, Respondent, v BELL SUPNICK, Appellant, et al., Defendants. [608 NYS2d 352] —Crew III, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered November 5, 1992 in Ulster County, upon a decision of the court in favor of plaintiff.

This RPAPL article 15 action arises out of a boundary dispute between plaintiff and defendant Bell Supnick (hereinafter defendant). The parcel in question consists of approximately 14 acres of land located in Ulster County. Plaintiff's property, which was acquired by deeds dated May 8, 1986 and June 12, 1989, lies generally east of the disputed parcel, while defendant's land, which was acquired by deed dated September 29, 1969, lies generally west of the disputed parcel. Following joinder of issue a nonjury trial was held, at the conclusion of which Supreme Court rendered a decision in favor of plaintiff and found the parties' common boundary line to be that established by plaintiff's witnesses. This appeal by defendant ensued.

Where, as here, a trial has been conducted without a jury, this Court's review is not limited solely to whether the verdict rendered is against the weight of the credible evidence; instead, we may review the record before us and grant the judgment that is warranted by the record *(see, Clancy v County of Nassau,* 142 AD2d 626, 627). Based upon our review of the record as a whole, however, we find no reason to depart from Supreme Court's decision in this matter and therefore affirm.

The record reveals that three principal witnesses testified on plaintiff's behalf at trial. The first witness, an expert title abstracter, testified that he was able to trace plaintiff's chain of title to a deed recorded in 1879 and that, in his opinion, plaintiff had good and marketable title. This witness further testified that the surveys performed on the property were consistent with the descriptions generated in the 1879 deed and carried forward through plaintiff's chain of title.

Testimony was also offered by two expert land surveyors, one of whom originally was retained by defendant and testi-

fied under subpoena. Both surveyors agreed as to the parties' common boundary and the results of their respective surveys, which depicted the disputed parcel as part of plaintiff's lands, were entered into evidence. The record indicates that the common boundary established by both surveyors was consistent with the descriptions and monumentation called for in the relevant deeds, as well as the natural contours of the parties' respective properties and the general acreage calls (see generally, Thomas v Brown, 145 AD2d 849, 850). Additionally, there was evidence of the remains of an old wire fence running along the common boundary line established by the surveyors. Finally, testimony was received regarding a man-made spring, with pipes running in an easterly direction toward certain buildings located on plaintiff's property, and the remains of an old outhouse which, it may be inferred, was used to service those same buildings. In our view, this evidence is sufficient to support Supreme Court's findings as to the parties' common boundary. Defendant's remaining contentions, including her assertion that she was denied due process, have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.