■ DENNIS LOUGARIS et al., Appellants, v JOHN SPILIO, Respondent. [611 NYS2d 692] —Crew III, J. Appeal from a judgment of the Supreme Court (Mugglin, J.), entered April 8, 1993 in Delaware County, upon a decision of the court in favor of defendant.

This RPAPL article 15 action arises out of a boundary dispute between plaintiffs and defendant concerning certain real property located in the Town of Colchester, Delaware County, upon which there exists a small pond. Plaintiffs essentially contend that the pond, which borders the parties' respective parcels, falls on their side of the property line, while defendant asserts that the pond rests entirely within his parcel of land. Following joinder of issue a nonjury trial was held, during which defendant made a motion to dismiss plaintiffs' complaint. Supreme Court ultimately granted defendant's motion and this appeal by plaintiffs followed.

The record indicates that title to plaintiffs' and defendant's respective parcels originally was held by William Dauch and

Malvina Dauch. In 1954, the Dauches transferred what would later become defendant's property to Morton Farber and Murray Farber. The property in question was comprised of two parcels, one 5.42-acre parcel and another parcel consisting of the land lying between the first parcel and the Beaverkill. In 1956, the Farbers reconveyed these parcels to the Dauches who, in turn, conveyed the parcels, consisting of approximately 7.83 acres, to defendant in 1975. Plaintiffs' property initially was conveyed from the Dauches to Frank La Veglia and Lawrence Naro in 1968. The deed described the parcel as being bordered by the "FARBER LOT" and as containing "9 acres of land more or less". The deed further provided that the conveyance was "[t]ogether with and [s]ubject to the *use* of a small pond lying on the southeasterly boundary line of the above described premises, intending to reserve said pond for the joint use of the parties herein, their heirs and assigns" (emphasis supplied). La Veglia and Naro subsequently conveyed the property to plaintiffs in 1981 who, upon having the property surveyed, discovered that it consisted of approximately 7.642 acres.

At trial, plaintiffs' proof consisted of the foregoing deed description and plaintiff Dennis Lougaris' testimony that the deed resulted in a boundary line that transected the pond. In our view, Supreme Court correctly determined that such proof simply was not sufficient to make out a prima facie case and, hence, dismissal of plaintiffs' complaint was entirely proper. Contrary to plaintiffs' assertion, the deed description does not establish that the subject pond was included in the underlying conveyance. Rather, the deed quite clearly establishes that plaintiffs were granted only *use* of the pond. Additionally, although it appears that the parcel actually conveyed to plaintiffs contains less acreage than called for in the deed, quantity is "[t]he least reliable of all descriptive particulars" (1 NY Jur 2d, Adjoining Landowners, § 126, at 619; *see generally, Thomas v Brown,* 145 AD2d 849, 850) and there is absolutely no proof in the record to support plaintiffs' claim that defendant unilaterally moved the boundary line and appropriated land properly belonging to plaintiffs.

As to the location of the boundary line, two surveys, prepared at the request of plaintiffs and defendant, respectively, were admitted into evidence. Both of the surveys depict the boundary line as generally following the remains of a wire fence, estimated by Lougaris to be approximately 100 to 150 years old, and show the pond as being located wholly within defendant's parcel. In our view these surveys, coupled with

the relevant deeds and the testimony offered by defendant's surveyor at trial, are sufficient to support Supreme Court's findings as to the parties' common boundary line (see generally, Osland v Supnick, 202 AD2d 712). Plaintiffs' remaining arguments have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Weiss and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.