■ Thomas Arnott, Respondent, v Michael Franzino et al., Appellants. [754 NYS2d 671] —In an action, inter alia, to recover damages for trespass, the defendants appeal from an order of the Supreme Court, Suffolk County (Whalen, J.), dated February 22, 2002, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff and the defendant Michael Franzino own adjoining properties in the Town of Southampton. Franzino purchased his property on June 2, 1998. That same day, the defend-

ant Jefferson D. Eames, doing business as Trees By Jeff, acting at Franzino's behest, commenced "topping" trees from a height of 30 feet to a height of 10 feet in order to improve Franzino's view of a nearby bay. Allegedly operating under the mistaken belief that the trees were on Franzino's property, Eames cut approximately 130 of the plaintiff's trees.

The defendants failed to establish their entitlement to judgment as a matter of law (see *Zuckerman v City of New York,* 49 NY2d 557). The defendants admitted that they entered upon the plaintiff's land without permission and cut the plaintiff's trees (see *Phillips v Sun Oil Co.,* 307 NY 328, 331; *Property Owners Assn. of Harbor Acres v Ying,* 137 AD2d 509; *Whitaker v McGee,* 111 AD2d 459).

According to the plaintiff, the tree-cutting was completed in two stages. During the first stage, the trees were topped in the area extending up to the plaintiff's property line, where there was a series of surveyor's stakes. On the following day, when the plaintiff and his business partner returned to the property, they both observed that the trees had been topped off in an area extending an additional 100 feet onto the plaintiff's property. It cannot be said as a matter of law that the defendants acted in good faith with probable cause to believe that the land belonged to Franzino (see RPAPL 861 [2] [a]; *Property Owners Assn. of Harbor Acres v Ying, supra*; *Whitaker v McGee, supra*). Accordingly, the defendants are not entitled to summary judgment dismissing the plaintiff's fourth cause of action to recover treble damages pursuant to RPAPL 861, and under the circumstances of this case, the Supreme Court properly denied the defendants' motion for summary judgment in its entirety. Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.