ROYAL NICKERSON, Appellant, v GENUINE HARDWOODS, INC., et al., Respondents. [771 NYS2d 762]—

Appeal from a judgment of the Supreme Court, Chautauqua County (John T. Ward, A.J.), entered September 11, 2002. The judgment denied plaintiff's motion for partial summary judgment on liability, granted defendants' cross motion for summary judgment in part, dismissed the first cause of action and determined the boundary line between the properties of plaintiff and defendant Genuine Hardwoods, Inc.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action pursuant to RPAPL article 15 to compel the determination of the boundary line dividing his property from that of defendant Genuine

Hardwoods, Inc. (Genuine Hardwoods). Plaintiff also seeks damages for defendants' alleged trespass on his property and treble damages for defendants' alleged unauthorized cutting of trees (*see* RPAPL 861 [2]). Supreme Court properly denied plaintiff's motion for partial summary judgment on liability, granted defendants' cross motion for summary judgment in part by dismissing the first cause of action and determined that the boundary line between the properties of plaintiff and Genuine Hardwoods is as shown in the surveys prepared at the request of those parties and as described in their deeds (*see Andersen v Mazza*, 258 AD2d 726, 727 [1999]; *Lougaris v Spilio*, 204 AD2d 775, 776-777 [1994]; *Hadix v Schmelzer*, 186 AD2d 239, 240 [1992]). Plaintiff failed to raise a triable issue of fact whether the boundary line was established by practical location through acquiescence to the placement of a wire fence (*see Hadix*, 186 AD2d at 239-240; *cf. Konchar v Leichtman*, 35 AD2d 890 [1970]).

With respect to the second and third causes of action, alleging trespass, it is undisputed that one tree on plaintiff's side of the property was cut without plaintiff's permission. Defendants, however, submitted proof that the tree was cut without their authorization by an independent contractor. "[A] party is not liable for a trespass committed by an independent contractor unless that party directed the trespass or such a trespass was necessary to complete the contract" (*Whitaker v McGee*, 111 AD2d 459, 462 [1985]; *see Gracey v Van Camp*, 299 AD2d 837, 838 [2002]). Defendants submitted proof that they had the property of Genuine Hardwoods surveyed before commencing logging and marked the trees to be cut, but the contractor mistakenly cut an unmarked tree on plaintiff's property. That proof is sufficient to raise a triable issue of fact with respect to defendants' liability for trespass (*cf. Whitaker*, 111 AD2d at 461-462). That proof also raises a triable issue of fact whether defendants' conduct was "casual and involuntary," in which case defendants would not be liable for treble damages (RPAPL 861 [2] [a]; *see Bass v Catucci*, 196 AD2d 802 [1993]; *cf. Axtell v Kurey*, 222 AD2d 804 [1995], *lv denied* 88 NY2d 802 [1996]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Gorski and Lawton, JJ.