■ JONATHAN D. SIEGEL TRUST, Respondent, v MIKE WALLACE, Defendant, and BEATRICE BALDI, Appellant. [781 NYS2d 666]—

In an action, inter alia, to recover damages under RPAPL 861 for cutting down trees, the defendant Beatrice Baldi appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), dated September 18, 2003, as, in effect, denied her motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiff commenced this action alleging, inter alia, that the defendants wrongfully entered its property and cut down valuable timber and trees in violation of RPAPL 861. The evidence offered in support of the motion established that the defendant Mike Wallace was given permission by the defendant Beatrice Baldi to remove shrubs and trees from Baldi's property at his expense and that he retained Bartlett Tree Experts (hereinafter Bartlett) to cut down trees on his property as well as Baldi's property. The only evidence of Baldi's involvement was that she signed a letter, dated September 12, 2000, authorizing Bartlett to trim trees on her property. Baldi did not retain Bartlett, did not pay for its services, did not direct its work, and

was not even present during the removal of trees and shrubs from her property.

Contrary to the Supreme Court's determination, Baldi made a prima facie showing of entitlement to judgment as a matter of law (*see Scharf v Crosby*, 120 AD2d 971 [1986]). In opposition to Baldi's motion, the affirmation of the plaintiff's counsel alone was insufficient to meet its burden to establish prima facie that Baldi caused the cutting down of the trees on the plaintiff's property (*see Partridge v Battiato*, 88 AD2d 588 [1982], *affd* 57 NY2d 850 [1982]). Accordingly, the Supreme Court erred in denying Baldi's motion. Luciano, J.P., Mastro, Spolzino and Skelos, JJ., concur.