■ HOWARD E. MORRISON et al., Respondents, v WESCOR FOREST PRODUCTS Co., Appellant-Respondent, BLAINE MELNICK et al., Respondents-Appellants, et al., Defendant. [814 NYS2d 474]—

Appeal and cross appeal from an order of the Supreme Court,

Chautauqua County (Frederick J. Marshall, J.), entered January 28, 2005. The order, among other things, denied the motion of defendant Wescor Forest Products Co. for summary judgment dismissing the complaint and the cross claim of defendants Blaine Melnick and Blaine Melnick Logging Co. against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action alleging, inter alia, that defendants wrongfully entered their property and cut valuable timber in violation of RPAPL former 861. Supreme Court properly granted that part of plaintiffs' cross motion for partial summary judgment on liability against defendant Blaine Melnick, doing business as Blaine Melnick Logging Co. (Melnick), incorrectly sued separately as Blaine Melnick and Blaine Melnick Logging Co. Plaintiffs established as a matter of law that Melnick entered their land without permission and cut timber, and Melnick failed to raise a triable issue of fact (*cf. Arnott v Franzino*, 302 AD2d 415 [2003]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We further conclude that the court properly denied that part of the motion of defendant Wescor Forest Products Co. for summary judgment dismissing the complaint against it. The record establishes that there are issues of fact whether Wescor "directed the trespass or [whether] such trespass was necessary to complete the contract" (*Axtell v Kurey*, 222 AD2d 804, 805 [1995], *lv denied* 88 NY2d 802 [1996]; *see Gracey v Van Camp*, 299 AD2d 837, 838 [2002]). Contrary to the further contentions of Melnick and Wescor, the court properly denied those parts of their respective motions for summary judgment dismissing the complaint against them insofar as plaintiffs seek treble damages pursuant to RPAPL former 861. There are issues of fact whether the alleged conduct of Melnick and Wescor "was 'casual and involuntary,' in which case [they] would not be liable for treble damages" (*Nickerson v Genuine Hardwoods*, 4 AD3d 842, 843 [2004], quoting RPAPL former 861 [2] [a]; *see Bass v Catucci*, 196 AD2d 802 [1993]).

We have reviewed the remaining contentions of Melnick and Wescor and conclude that they are without merit. Present—Pigott, Jr., P.J., Scudder, Kehoe, Pine and Hayes, JJ.