■ James P. Backus, Respondent, v Lyme Adirondack Timberlands II, LLC, et al., Appellants, et al., Defendants. [947 NYS2d 639]—

McCarthy, J. Appeals from an order of the Supreme Court (Meyer, J.), entered February 23, 2011 in Essex County, which, in an action pursuant to RPAPL article 8, among other things, denied certain cross motions by defendants Lyme Adirondack Timberlands II, LLC and Benjamin Pokon for summary judgment dismissing the complaint against them.

In 2004, plaintiff entered into an oral contract with Clarence Bevins and DeDe Bevins to purchase a parcel of land in Essex County. Plaintiff immediately took possession of the property, began paying taxes on it and apparently began making installment payments to the Bevinses. In May 2007, Lyme Adirondack Timber Sales, Inc., which owns an adjacent parcel of property, entered into a contract with defendant Trent Abare to harvest timber. On July 2, 2007, plaintiff made the last installment payment to the Bevinses. A few days later, plaintiff noticed that trees had been cut down on the subject property. In October 2007, at plaintiff's request, the Bevinses apparently deeded the property to Herbert Knight. In December 2009, again at plaintiff's request, the Bevinses deeded the property to plaintiff.

In February 2010, plaintiff commenced this action pursuant to RPAPL 861 against defendants Lyme Adirondack Timberlands II, LLC (hereinafter Lyme), Abare, licensed forester Benjamin Pokon and two unknown companies for, among other things, the fair market value of 483 trees that defendants allegedly cut down and 63 trees that they destroyed. Following joinder of issue, plaintiff moved for leave to amend his complaint to add Lyme Adirondack Timber Sales, Inc. and Upland Resource Group, Inc., doing business as Upland Forestry, as defendants and join the Bevinses as necessary parties. Lyme and Pokon separately cross-moved for summary judgment dismissing the complaint against them. Supreme Court, among other things, granted plaintiff's motion to amend and denied the cross motions without prejudice. Lyme and Pokon appeal.

Initially, the parties consented to substitute Upland Forestry, Pokon's employer, in place of Pokon and discontinued the action against him. As Pokon is no longer a party and is not aggrieved by Supreme Court's order, his appeal must be dismissed (see CPLR 5511; *Roth v Michelson*, 55 NY2d 278, 281 n 1 [1982]; *Matter of Avery v Aery*, 55 AD3d 1095, 1095-1096 [2008]).

Supreme Court properly allowed plaintiff to amend his

complaint to add the Bevinses as necessary parties. Leave to amend a pleading should be freely granted as long as the amendment does not plainly lack merit and no prejudice will befall the opposing party (*see Davis v Wyeth Pharms., Inc.*, 86 AD3d 907, 908 [2011]). The trial court has great discretion in deciding such a motion, and the determination should not be disturbed absent an abuse of discretion (*see id.*). In response to defendants' contentions that plaintiff lacked standing to pursue this action, he sought to amend his complaint to add the Bevinses as necessary parties, asserting that if they—as his predecessors in interest and holders of legal title at the time the trees were cut—possessed the right to pursue this action then he could recover from them, and complete relief may not be accorded without them (*see* CPLR 1001 [a]). The statute of limitations for an action to recover for injury to property, such as an RPAPL 861 action, is three years (*see* CPLR 214 [4]; *Chargo v Simons*, 71 AD3d 1481, 1482 [2010], *lv denied* 14 NY3d 713 [2010]; *Mandel v Estate of Frank L. Tiffany*, 263 AD2d 827, 829 [1999]). The amended complaint was filed more than three years after defendants harvested the trees. The action is timely, however, under the relation back doctrine (*see* CPLR 203 [f]). Plaintiff conceded that the claims to be asserted by the Bevinses are the same claims that he alleged against defendants, making them united in interest as against defendants (*see De Sanna v Rockefeller Ctr., Inc.*, 9 AD3d 596, 598 [2004]; *State of New York v General Elec. Co.*, 199 AD2d 595, 597-598 [1993]). Defendants are not prejudiced because they were aware of the causes of action and can only be held liable once—to either plaintiff or the Bevinses. In light of the Bevinses' reluctance to join the action as plaintiffs, the court properly joined them as defendants (*see* CPLR 1001 [a]).

Supreme Court properly refused to grant summary judgment as questions of fact exist.[1] Only the actual owner of real property may maintain an action pursuant to RPAPL 861 (*see Cornick v Forever Wild Dev. Corp.*, 240 AD2d 980, 980 [1997]). Lyme submitted plaintiff's response to a notice to admit wherein plaintiff admitted that in July 2007 he was "not the fee owner of record of the real property" and that the deed from the Bevinses that stated it was given on July 4, 2007 was actually signed in December 2009. Plaintiff submitted his affidavit aver-

---

1. The motion could also have been denied because summary judgment on the amended complaint would have been premature, given that leave to amend was granted simultaneously, no defendants had answered the amended complaint and new parties had just been added (*see* CPLR 3212 [a]; *Greene v Hayes*, 30 AD3d 808, 810 [2006]; *Gold Medal Packing v Rubin*, 6 AD3d 1084, 1085 [2004]).

ring that he entered into an oral agreement in 2004, took possession immediately, paid the last installment on July 2, 2007 and noticed the tree cutting after that date. He also submitted school tax bills indicating that he paid the taxes from 2005 to 2009. A joint affidavit from the Bevinses contained most of those same assertions, but also stated that at plaintiff's request, they executed a deed to Knight in October 2007 and a deed to plaintiff in December 2009, the latter backdated with the intent to make the transfer effective to plaintiff as of July 4, 2007 and to provide him with the right to prosecute this action. The record does not contain the deed to Knight. The record information raises factual questions as to whether the property was validly transferred to Knight, which would have left the Bevinses with no interest to transfer to plaintiff.[2] It is also unclear whether plaintiff was truly the equitable owner of the property, with the Bevinses holding legal title to the property on his behalf, when the injury to the property occurred. As there are factual questions regarding the nature of plaintiff's ownership interest of the property at the time, the court properly denied the motions for summary judgment without prejudice.

Lyme cannot assert a statute of frauds defense to defeat plaintiff's assertion that he held equitable title pursuant to the oral agreement (*see* General Obligations Law § 5-703 [3]), as the defense is personal and cannot be raised by a stranger to the agreement (*see Ferry v Ferry*, 13 AD3d 765, 766 [2004]; *Matter of Lee v Maltais*, 250 AD2d 951, 953 [1998], *lv denied* 92 NY2d 809 [1998]; *Vincent v Seaman*, 152 AD2d 841, 843 [1989]). The parties' remaining contentions have been reviewed and do not merit further discussion.

Peters, P.J., Lahtinen, Spain and Kavanagh, JJ., concur. Ordered that the appeal by defendant Benjamin Pokon is dismissed. Ordered that the order is affirmed, with costs.

**2.** At oral argument, the parties indicated that Knight has subsequently been made a party to this action.