■ Nora Desimone et al., Respondents, v New York City Department of Transportation et al., Appellants. [965 NYS2d 604]—

In an action to recover damages for personal injuries, etc., the defendant New York City Department of Transportation appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated February 9, 2012, as granted the plaintiffs' motion pursuant to CPLR 306-b for leave to extend the time to serve the summons and amended complaint on the defendant Henrique Thompson and for leave to amend the amended complaint to add the City of New York as a defendant, and denied its cross motion to dismiss the complaint and amended complaint insofar as asserted against the defendant Henrique Thompson for lack of personal jurisdiction, and the defendant Henrique Thompson appeals from the same order.

Ordered that the appeals are dismissed, with one bill of costs to the plaintiffs.

The appeal by the defendant Henrique Thompson must be dismissed as abandoned for the failure to perfect the same in accordance with the rules of this Court (see 22 NYCRR 670.8 [c], [e]).

On December 19, 2009, a truck driven by Thompson and owned by the defendant New York City Department of Transportation (hereinafter the DOT) allegedly proceeded through a red traffic signal and collided with the injured plaintiff's vehicle, causing her to sustain personal injuries. The injured plaintiff served timely notices of claim against the DOT and the City of New York. In January 2011, the injured plaintiff, and her husband suing derivatively, commenced the instant action to recover damages for personal injuries against the DOT and Thompson. Later that month, they amended the complaint to add Benjamin Polito, who was a passenger in the vehicle, as a party plaintiff.

The DOT was timely served with the complaint and the amended complaint, and served an answer. The plaintiffs attempted to serve Thompson on or about January 26, 2011, but process was returned "unclaimed."

The plaintiffs moved for leave to amend the amended complaint to add the City of New York as a defendant, and pursuant to CPLR 306-b to extend the time to serve the summons and amended complaint on Thompson. The DOT moved to dismiss the complaint and amended complaint insofar as asserted against it and cross-moved to dismiss the complaint and amended complaint insofar as asserted against Thompson for lack of personal jurisdiction. In the order appealed from, the Supreme Court granted the plaintiffs' motion and the DOT's motion, but denied the DOT's cross motion. The DOT appeals, as limited by its brief, from so much of the order as granted the plaintiffs' motion and denied its cross motion.

The DOT was not aggrieved by the provision of the order granting the plaintiff's motion (see CPLR 5511; Rotondi v DeFazio, 92 AD3d 859 [2012]; Mixon v TBV, Inc., 76 AD3d 144 [2010]). Further, since the DOT is no longer a party to this action, the denial of its cross motion to dismiss the complaint and amended complaint insofar as asserted against Thompson for lack of personal jurisdiction (see Roth v Michelson, 55 NY2d 278, 281 n 1 [1982]; Backus v Lyme Adirondack Timberlands II, LLC, 96 AD3d 1248, 1249 [2012]) has been rendered academic.

Accordingly, the appeals must be dismissed. Dillon, J.P., Lott, Austin and Hinds-Radix, JJ., concur.