■ JOHNATHAN JOHNSON, Appellant, v STATE OF NEW YORK, Respondent. [3 NYS3d 774]—

McCarthy, J. Appeal from an order of the Court of Claims (DeBow, J.), entered November 6, 2013, which denied claimant's motion to amend his claim.

In 2008, claimant commenced this action seeking damages for slander and defamation, arising out of a correction officer allegedly filing a false misbehavior report against claimant that charged him with prison disciplinary rule violations for throwing urine in the officer's face. In 2013, claimant moved for leave to amend the claim to assert causes of action based upon malicious prosecution related to subsequent criminal proceedings and violation of prison directives by failing to give claimant a written disposition of the prison disciplinary hearing. The Court of Claims denied the motion, prompting this appeal.

We affirm. Although leave to amend pleadings should generally be freely granted, this Court will disturb a trial court's decision granting or denying leave only if there has been an abuse

of discretion (*see* CPLR 3025 [b]; *Vectron Intl., Inc. v Corning Oak Holding, Inc.*, 106 AD3d 1164, 1168 [2013]; *Backus v Lyme Adirondack Timberlands II, LLC*, 96 AD3d 1248, 1250 [2012]). Inasmuch as the first proposed cause of action is duplicative of another claim pending in the Court of Claims and both proposed causes of action were untimely (*see* Court of Claims Act § 10 [3-b], [4], [6]), the Court of Claims properly denied claimant's motion for leave to amend (*see Matter of Wechsler v New York State Adirondack Park Agency*, 85 AD3d 1378, 1381 [2011]). Contrary to claimant's assertions, the relation back doctrine is not applicable inasmuch as the proposed causes of action are based upon events that occurred after the filing of the initial claim, rather than upon the events giving rise to the cause of action in the initial claim (*see Matter of Clairol Dev., LLC v Village of Spencerport*, 100 AD3d 1546, 1547 [2012]; *Matter of New York Foundling Hosp., Inc. v Novello*, 47 AD3d 1004, 1006 [2008], *lv denied* 10 NY3d 708 [2008]; *compare Backus v Lyme Adirondack Timberlands II, LLC*, 96 AD3d at 1250).

Claimant's remaining arguments, to the extent not rendered academic by our decision, have been considered and found to be lacking in merit.

Peters, P.J., Garry and Rose, JJ., concur. Ordered that the order is affirmed, without costs.