██ James P. Backus, Respondent, v Lyme Adirondack Timberlands II, LLC, et al., Appellants, et al., Defendants. [43 NYS3d 529]—

Lynch, J. Appeals (1) from an order of the Supreme Court (Buchanan, J.), entered March 27, 2015, which, among other things, granted plaintiff's motion for partial summary judgment, and (2) from an order of said court, entered November 23, 2015 in Essex County, which, among other things, denied motions by defendants Lyme Adirondack Timberlands II, LLC, Lyme Adirondack Timber Sales, Inc. and Upland Resource Group, Inc. to reargue.

Plaintiff and defendant Lyme Adirondack Timberlands II, LLC (hereinafter Lyme Timberlands)[1] own adjoining forested parcels located in the Adirondack Park. The property at issue in this case is an 11.09-acre parcel known as Burt's Swamp. Plaintiff acquired the property in 2007 pursuant to an oral agreement he entered into with his predecessor in title in 2004.[2] Burt's Swamp borders a parcel (hereinafter parcel 17) that was

1. Defendant Lyme Adirondack Timber Sales, Inc. is Lyme Timberlands' agent and, for purposes of this appeal, references to Lyme Timberlands include Lyme Adirondack Timber Sales, Inc.

2. Although we previously held that there were questions of fact with regard to plaintiff's ownership of Burt's Swamp (96 AD3d 1248, 1250-1251 [2012]), it appears that this is no longer an issue.

part of a 275,000 acre purchase completed by Lyme Timberlands in 2006. Lyme Timberlands sold a conservation easement on parcel 17 to the state but retained, as relevant here, timber and recreational rights in the property. Lyme Timberlands retained defendant Upland Resource Group, Inc. to manage certain property, including parcel 17. It is not disputed that, in 2007, Upland directed an entity to clear cut an area that was located on parcel 17 and which included approximately three acres located in Burt's Swamp (hereinafter the disputed area).

Plaintiff commenced this action against, among others, Lyme Timberlands and Upland (hereinafter collectively referred to as defendants) seeking treble damages pursuant to RPAPL 861, punitive damages and to quiet title to the disputed area. Defendants joined issue, arguing, among other things, that Lyme Timberlands adversely possessed the disputed area. Following discovery, plaintiff moved for summary judgment on liability and defendants each sought summary judgment dismissing the complaint against them or, in the alternative, partial summary judgment dismissing plaintiff's claims for treble and punitive damages. Supreme Court determined that defendants failed to raise triable issues of fact on their adverse possession claim, granted plaintiff's motion for summary judgment against defendants, declared that plaintiff owned the disputed area and denied defendants' motions. Thereafter, Supreme Court issued an order denying defendants' motions to reargue. Defendants now appeal both orders.[3]

A cause of action for timber trespass may be maintained by a property owner against " 'any person' who, without the owner's consent, 'cuts, removes, injures or destroys, or causes to be cut, removed, injured or destroyed, any underwood, tree or timber from the owner's land' and recover from that person damages amounting to 'treble the stumpage value of the tree or timber or $250 per tree, or both' for the injury" (*Fernandes v Morgan*, 95 AD3d 1626, 1627 [2012] [brackets omitted], quoting RPAPL 861 [1]; *see Jones v Castlerick, LLC*, 128 AD3d 1153, 1154 [2015]). In this action, plaintiff claims to be the record owner of Burt's Swamp and defendants claim that Lyme Timberlands acquired title to the disputed area by adverse possession. Accordingly, Lyme Timberlands was required to prove by clear and convincing evidence that its possession was "(1) hostile and under a claim of right (i.e., a reasonable basis for the belief

---

**3.** Because no appeal lies from the denial of a motion to reargue (*see Science Applications Intl. Corp. v Environmental Risk Solutions, LLC*, 132 AD3d 1161, 1163 n 1 [2015]), the appeal from this order must be dismissed.

that the subject property belongs to a particular party), (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period (at least 10 years)" (*Estate of Becker v Murtagh*, 19 NY3d 75, 81 [2012]; *see Walling v Przybylo*, 7 NY3d 228, 232 [2006]).[4] "[W]here, as here, the claim of right is not founded upon a written instrument, the party asserting title by adverse possession must establish that the land was 'usually cultivated or improved' or 'protected by a substantial inclosure' " (*Estate of Becker v Murtagh*, 19 NY3d at 81; *accord Bergmann v Spallane*, 129 AD3d 1193, 1193 [2015]). The required cultivation and improvement "must be such that they would place the record owner on notice of an adverse claim, an analysis that varies with the nature of the property" (*Bergmann v Spallane*, 129 AD3d at 1194-1195; *see Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 160 [1996]).

In support of his motion for summary judgment on his first and third causes of action, plaintiff submitted an affidavit by Kevin Hall, a surveyor who concluded, with detailed reference to existing maps and deeds and markers discovered during his survey, that the disputed area was in fact located on the Burt's Swamp parcel. Plaintiff also submitted an affidavit wherein he avers that he discovered Upland's contractor on the disputed parcel cutting trees and an affidavit by a forester who counted and assigned a stumpage value to the trees cut on the disputed parcel. In our view, plaintiff's submissions were sufficient to demonstrate prima facie entitlement to summary judgment on the issue of liability pursuant to RPAPL 861 (*see Morrison v Wescor Forest Prods. Co.*, 28 AD3d 1225, 1226 [2006]). These submissions were also sufficient to demonstrate prima facie entitlement to summary judgment on its third cause of action seeking to quiet title, but only to the extent that plaintiff claims that he has record title to the property (*see Gallas v Duchesne*, 268 AD2d 728, 729 [2000]). Although defendants do not challenge plaintiff's record title on this appeal, they contend that there are factual questions with regard to whether Lyme Timberlands adversely possessed the disputed parcel for the requisite period. We agree.

In support of their motions for summary judgment, defendants submitted proof that a blazed and painted boundary line

---

4. Since Lyme Timberlands contends its adverse possession claim arose prior to 2008, the parties agree that the 2008 amendments to RPAPL article 5 do not apply (*see Bergmann v Spallane*, 129 AD3d 1193, 1194 n 2 [2015]).

has existed on the disputed parcel since at least 1963.[5] Further, Upland's employee responsible for managing the property asserted that his job required him to walk the property to assess timber growth and that he always believed that the painted boundary line was the boundary line between parcel 17 and the Burt's Swamp parcel. Lyme Timberlands' predecessor began leasing parcel 17 to a hunting club in 1989 and, since that time and continuously through 2007, the leased property included the area up to the blazed boundary line. A representative of the hunting club testified that, in 1989, he and other club members posted no trespassing signs along the blazed and painted boundary line and reblazed and repainted the line. They also hunted in the disputed area every weekend and sometimes during the week from approximately October through December. Lyme Timberlands also submitted an affidavit by an expert who averred that the "highest and best use of forest properties in the Adirondack is joint production of timber and amenities."

Plaintiff's submissions indicate that both he and his predecessor believed that the disputed parcel was within the Burt's Swamp parcel. Both claim that they used the property, although the nature of such use is not detailed in the record. Also, plaintiff's evidence was equivocal with regard to whether and where plaintiff and his predecessor had ever observed the hunting clubs posted signs or the blazed and painted tree line. When we consider the "acts of dominion and control over the premises that would appropriately be undertaken by owners of properties of similar character, condition and location" (*Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d at 156), we find that Lyme Timberlands' use of the property raises factual questions with regard to whether it has established ownership based on adverse possession (*see Gallas v Duchesne*, 268 AD2d at 730; *Shawangunk Conservancy v Fink*, 261 AD2d 692, 695 [1999]; *Parillo v Prunier*, 257 AD2d 807, 807 [1999]).

Next, we find that Supreme Court properly denied Upland's motion for partial summary judgment dismissing plaintiff's claim for treble damages pursuant to RPAPL 861 (2). To avoid such damages, a defendant must prove, by clear and convincing evidence, that "he or she had cause to believe the land was his or her own, or that he or she had an easement or right of way across such land which permitted such action, or he or she had a legal right to harvest such land" (RPAPL 861 [2]; *see*

---

**5.** Steven Bick, Lyme Timberlands' expert forester, explained that a blaze on a tree is a hatchet or axe mark on the trunk, typically painted, that is used to mark a boundary line on forested properties.

*Jones v Castlerick, LLC*, 128 AD3d at 1156 n 3). A defendant's " 'good faith belief in a legal right to harvest timber does not absolve that person from all liability under RPAPL 861, but merely saves him or her from having to pay the plaintiff treble damages' " (*Halstead v Fournia*, 134 AD3d 1269, 1270 [2015], quoting *Fernandes v Morgan*, 95 AD3d 1626, 1628 [2012]). Whether treble damages pursuant to RPAPL 861 are warranted is generally a factual determination (*see e.g. Nickerson v Genuine Hardwoods*, 4 AD3d 842, 843 [2004]). Here, given the evidence that Upland never surveyed the property and was aware of discrepancies on the maps used that revealed a gap in the boundary line when Upland marked the area to be clear-cut, we find that there are factual questions with regard to whether plaintiff is entitled to treble damages pursuant to RPAPL 861 (*see Morrison v Wescor Forest Prods. Co.*, 28 AD3d at 1226; *Nickerson v Genuine Hardwoods*, 4 AD3d at 843; *Arnott v Franzino*, 302 AD2d 415, 416 [2003]; *Whitaker v McGee*, 111 AD2d 459, 462 [1985]).

Finally, turning to plaintiff's claim for punitive damages, which is distinct from his claim for treble damages pursuant to RPAPL (*see Matter of Svenson [Swegan]*, 133 AD3d 1279, 1280 [2015]), we find that Supreme Court should have granted Upland's motion for summary judgment dismissing this claim. Punitive damages based on trespass may be warranted only if the plaintiff proves that the "trespasser acted with actual malice involving an intentional wrongdoing, or that such conduct amounted to a wanton, willful or reckless disregard of [a] plaintiff's rights" (*Western N.Y. Land Conservancy, Inc. v Cullen*, 66 AD3d 1461, 1463 [2009], *lv denied* 14 NY3d 705 [2010] [internal quotation marks and brackets omitted]; *see Golonka v Plaza at Latham*, 270 AD2d 667, 670 [2000]). The conduct must be "exceptional" and "motivated by malice" or permit a finding that such "damages would deter future reprehensible conduct" (*Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 491 [2007]). In our view, because the submissions do not demonstrate that Upland's activities rose to this level, Supreme Court should limit plaintiff's damages, if at all, to those available pursuant to RPAPL 861.

Peters, P.J., McCarthy, Rose and Mulvey, JJ., concur. Ordered that the order entered March 27, 2015 is modified, on the law, without costs, by reversing so much thereof as (1) granted plaintiff partial summary judgment and (2) denied the motions of defendants Lyme Adirondack Timberlands II, LLC, Lyme Adirondack Timber Sales, Inc. and Upland Resource Group, Inc. for summary judgment dismissing plaintiff's claims for

punitive damages; plaintiff's motion denied to said extent and said defendants' motion granted to said extent; and, as so modified, affirmed.

Ordered that the appeal from the order entered November 23, 2015 is dismissed, without costs.