Levitt v Vining (2018 NY Slip Op 03202)





Levitt v Vining


2018 NY Slip Op 03202


Decided on May 3, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 3, 2018

525830

[*1]MAXWELL LEVITT, Respondent,
v
JEFFREY VINING et al., Defendants, and LILLIAN PODWINSKI, Appellant.

Calendar Date: March 28, 2018

Before: Garry, P.J., McCarthy, Lynch, Clark and Pritzker, JJ.


Cabaniss Casey LLP, Albany (Brian D. Casey of counsel), for appellant.
Bellavia Blatt & Crossett, PC, Mineola (Carol A. Crossett of counsel), for respondent.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Fisher, J.) entered October 3, 2017 in Greene County, which, among other things, denied defendant Lillian Podwinski's motion for partial summary judgment.
Plaintiff and defendant Lillian Podwinski (hereinafter defendant) are adjoining landowners in Greene County. Around September 2015, defendant engaged the services of her friend's son, defendant Jeffrey Vining, to remove trees along the boundary line. Multiple mature trees were removed, including trees from
plaintiff's property. Contending that he never provided consent for the tree removal, plaintiff commenced this action asserting, as relevant here, a claim for common-law trespass, demanding both compensatory and punitive damages. After joinder of issue, defendant moved for, among other things, partial summary judgment dismissing so much of plaintiff's trespass claim seeking punitive damages. Supreme Court denied the motion for partial summary judgment, and defendant now appeals.
"Punitive damages based on trespass may be warranted only if the plaintiff proves that the trespasser acted with actual malice involving an intentional wrongdoing, or that such conduct amounted to a wanton, willful or reckless disregard of a plaintiff's rights. The conduct must be exceptional and motivated by malice or permit a finding that such damages would deter future [*2]reprehensible conduct" (Backus v Lyme Adirondack Timberlands II, LLC, 144 AD3d 1454, 1458 [2016] [internal quotation marks, brackets and citations omitted]). Through her moving affidavit and the deposition testimony of Vining, defendant, who is in her late 80s, demonstrated that she informed Vining up front that some of the trees she wanted to remove were likely on plaintiff's property and that she needed to obtain plaintiff's consent before removing them. Having performed landscaping for plaintiff, Vining offered to contact him for permission and defendant acquiesced. According to Vining, plaintiff approved and Vining so informed defendant before starting the work. In his deposition, plaintiff explained that when he contacted defendant after discovering that the trees had been removed, defendant advised him that Vining had represented to her that plaintiff had given his approval. Defendant also submitted an apology letter that she sent to plaintiff that mirrors the explanation provided in her affidavit and expresses her regret for having relied on Vining.
Supreme Court properly determined that defendant met her prima facie burden demonstrating that her actions did not justify a claim for punitive damages. The court erred, however, in concluding that the apology letter also raised a question of fact as to whether defendant's actions were reckless. There is no evidence in this record that counters defendant's explanation. The apology letter may constitute an admission of a trespass in the event that it is determined that plaintiff did not provide consent, but does not reflect a reckless disregard of plaintiff's property rights. To the contrary, the letter comports with defendant's consistent explanation that she sought to respect plaintiff's property rights by seeking permission to remove the trees. Even if a trespass is established, "[s]omething more than the mere commission of a tort is always required for punitive damages" (Prozeralik v Capital Cities Communications, 82 NY2d 466, 479 [1993]). That "something more" is where "a defendant purposely causes, or is grossly indifferent to causing, injury" (Marinaccio v Town of Clarence, 20 NY3d 506, 512 [2013]). We readily conclude that defendant's conduct does not rise to the level necessary to sustain a punitive damages claim, even under a theory of recklessness (see Marinaccio v Town of Clarence, 20 NY3d at 512; Backus v Lyme Adirondack Timberlands II, LLC, 144 AD3d at 1458; Marone v Kally, 109 AD3d 880, 883 [2013], lv denied 24 NY3d 911 [2014]; Gellman v Seawane Golf & Country Club, Inc., 24 AD3d 415, 419 [2005]). As such, defendant's motion seeking dismissal of plaintiff's claim for punitive damages should have been granted.
Garry, P.J., McCarthy, Clark and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, with costs to defendant Lillian Podwinski, by reversing so much thereof as denied said defendant's motion for partial summary judgment; said motion granted; and, as so modified, affirmed.