Holser v Geerholt (2021 NY Slip Op 02578)





Holser v Geerholt


2021 NY Slip Op 02578


Decided on April 29, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 29, 2021

531026
[*1]Daniel J. Holser, Plaintiff,
v
Todd Geerholt et al., Appellants, et al., Defendants.

Calendar Date:March 11, 2021

Before:Garry, P.J., Egan Jr., Clark, Aarons and Reynolds Fitzgerald, JJ.

Napierski, Vandenburgh, Napierski & O'Connor, LLP, Albany (Diane Lufkin Schilling of counsel), for Todd Geerholt, appellant.
Burke, Scolamiero & Hurd, LLP, Albany (Steven V. DeBraccio of counsel), for Gregory T. Miller and another, appellants.



Garry, P.J.
(1) Appeal from a judgment of the Supreme Court (McNally Jr., J.), entered February 5, 2020 in Rensselaer County, which, among other things, denied certain defendants' motions for summary judgment dismissing the complaint, and (2) motion to, among other things, dismiss the appeal.
Plaintiff owns rural property in the Town of Poestenkill, Rensselaer County that adjoins a portion of property owned by defendants Gregory T. Miller and Lauren R. Miller. Plaintiff commenced this action on December 30, 2016 after discovering that trees had been cut and removed from his property and there was damage to his land, including significant rutting. Alleging that the Millers directed defendant Todd Geerholt and others to remove the trees on plaintiff's property, plaintiff asserted four causes of action for trespass, conversion, negligence and violations of RPAPL 861. Following discovery, Geerholt moved for dismissal of the complaint as untimely, and the Millers moved for summary judgment dismissing the complaint against them. Supreme Court denied those motions.[FN1] Geerholt and the Millers appeal.[FN2]
A three-year statute of limitations applies to causes of action for conversion (see CPLR 214 [3]), and "action[s] to recover damages for an injury to property," including causes of action under RPAPL 861, trespass and negligence (CPLR 214 [4]; see Backus v Lyme Adirondack Timberlands II, LLC, 96 AD3d 1248, 1250 [2012]). The statute of limitations accrued "when such injury would have been apparent," which was when the trees were cut (Wild v Hayes, 68 AD3d 1412, 1414 [2009]; see Backus v Lyme Adirondack Timberlands II, LLC, 96 AD3d at 1250). To support his motion, Geerholt submitted payment records and timber tallies of the company that purchased the logs, to establish the dates of purchase. Those records showed dates from May 2013 to October 2014. Although Geerholt averred that he began cutting logs in 2013 and the logs he cut in 2014 were on a different portion of the property far removed from the area in controversy, he had previously testified at a deposition that he was unsure what year he performed the logging at issue and could only state that it occurred sometime between 2010 and 2016. Given that his later affidavit was self-serving and conflicted with his prior testimony, Geerholt failed to prove as a matter of law that the logging occurred prior to December 30, 2013. Thus, Supreme Court did not err in denying Geerholt's motion (see Minskoff Grant Realty & Mgt. Corp. v 211 Mgr. Corp., 71 AD3d 843, 845 [2010]; Swift v New York Med. Coll., 25 AD3d 686, 687 [2006]).
As to the merits, the Millers primarily argue that they did not intend to have any trees harvested from plaintiff's property, and Gregory Miller directed Geerholt to cut trees only on the Millers' property. However, the Millers did not submit a deed to their property. Gregory Miller testified that his property had not been surveyed prior to the logging and he determined the boundary lines [*2]by using a football tape measure to connect the lines from survey pins on different neighbors' properties. Geerholt testified that Gregory Miller did not provide him with a map or survey, but instead personally showed him the property boundary lines and which trees he wanted harvested. The Millers also submitted with their motion a survey of the eastern portion of their property conducted in 2018, though it is not clear from the map where the logging occurred in relation to the Millers' and plaintiff's property lines. Contrary to Gregory Miller's description, the survey map does not portray a stone wall as a boundary line. Oddly, a notation on the survey states that the lands claimed by plaintiff were now or formerly owned by plaintiff's father (from whom he apparently inherited them), but that the land is assessed to the Millers under the same tax map number as their parcel. In sum, the Millers did not submit evidence to conclusively establish that they owned the property where the trees were cut. Moreover, their good faith belief that they owned that property does not absolve them, nor Geerholt, of liability (see Rosen v Schonbrun, 172 AD3d 771, 772 [2019]; Backus v Lyme Adirondack Timberlands II, LLC, 144 AD3d 1454, 1458 [2016]). Accordingly, Supreme Court properly denied the motion as to Gregory Miller (see Torre v Town of Tioga, 190 AD3d 1202, 1203-1204 [2021]). However, based on uncontradicted testimony that Lauren Miller had no involvement in or knowledge of the logging transactions, Lauren Miller was entitled to summary judgment dismissing the complaint against her (see Jonathan D. Siegel Trust v Wallace, 10 AD3d 598, 598-599 [2004]).
"[T]he current version of RPAPL 861 was enacted . . . in an effort to deter the illegal taking of timber by increasing the potential damages for that activity" (Halstead v Fournia, 160 AD3d 1178, 1181 [2018] [internal quotation marks and citation omitted]). If a person violates RPAPL 861 by cutting another person's trees without the other's consent, or by causing such cutting to occur, "an action may be maintained against such person for treble the stumpage value of the tree or timber or [$250] per tree, or both and for any permanent and substantial damage caused to the land or the improvements thereon as a result of such violation" (RPAPL 861 [1]). However, if a defendant in such an action "establishes[,] by clear and convincing evidence, that when the defendant committed the violation, he or she had cause to believe the land was his or her own, . . . then he or she shall be liable for the stumpage value or [$250] per tree, or both" (RPAPL 861 [2]). Thus, "a trespasser's good faith belief in a legal right to harvest timber does not insulate that person from the imposition of statutory damages, but merely saves him or her from having to pay the plaintiff treble damages" (Halstead v Fournia, 160 AD3d at 1182 [internal quotation marks and citation omitted]; see Backus v Lyme Adirondack Timberlands [*3]II, LLC, 144 AD3d at 1458; Fernandes v Morgan, 95 AD3d 1626, 1627-1628 [2012]). "Whether treble damages pursuant to RPAPL 861 are warranted is generally a factual determination" (Backus v Lyme Adirondack Timberlands II, LLC, 144 AD3d at 1458 [citation omitted]). Although Gregory Miller testified that he intended to remove trees only from his own property, the record reflects that he did not have a survey of the property and relied on a determination of the boundary lines based on his own measurements. We conclude that a factual question exists, as Gregory Miller has failed at this stage of the proceedings to prove by clear and convincing evidence that he had a good faith belief that he owned the land at issue (see id.; compare Fernandes v Morgan, 95 AD3d at 1627-1628; Miller v Moore, 68 AD3d 1325, 1327 [2009]; Krieg v Peters, 46 AD3d 1190, 1191-1192 [2007]). Accordingly, the claim for treble damages must await trial.
We have reviewed the parties' remaining contentions and find them unpersuasive.
Egan Jr., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the motion is denied, without costs.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied in its entirety the motion by defendants Gregory T. Miller and Lauren R. Miller for summary judgment dismissing the complaint; motion partially granted by dismissing the complaint against Lauren R. Miller; and, as so modified, affirmed.



Footnotes

Footnote 1: The other defendants successfully moved for summary judgment dismissing the complaint against them. They are not involved in this appeal.

Footnote 2: Although plaintiff cross-appealed, he did not perfect his cross appeal nor file a brief on this appeal. Plaintiff has recently moved to, among other things, dismiss the appeal as moot and/or consolidate this appeal with his appeal from a January 2021 order in this matter. We deny that motion in its entirety (see Matter of Cassini, 180 AD3d 773, 775 [2020]).