Matter of County of Essex (2021 NY Slip Op 03639)





Matter of County of Essex


2021 NY Slip Op 03639


Decided on June 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 10, 2021

530860
[*1]In the Matter of the Foreclosure of Tax Liens by County of Essex. County of Essex, Respondent; Golden Ring International, Inc., Appellant.

Calendar Date:April 28, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Raymond J. Markovich, New York City, for appellant.
Daniel T. Manning III, County Attorney, Elizabethtown (Daniel T. Tedford of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from an order of the County Court of Essex County (Meyer, J.), entered November 18, 2019, which, in a proceeding pursuant to RPTL article 11, among other things, granted petitioner's motion to dismiss respondent's defenses.
Respondent owns six parcels of real property in the Town of North Elba, Essex County. Upon respondent's failure to pay the property taxes on the subject parcels from 2011 to 2017, petitioner commenced this in rem tax foreclosure proceeding in 2019 (see RPTL 1123 [2] [b]). Respondent answered and asserted two defenses — that the combined notice and petition was deficient and that there was a disputed issue related to the 2012 tax assessment. Thereafter, petitioner moved to dismiss the defenses in respondent's answer arguing, in two affidavits submitted with the motion, that the alleged defenses do not constitute valid defenses to the tax foreclosure proceeding. Respondent cross-moved to strike the affidavits, asserting that they contain material prohibited by the Uniform Rules for Trial Courts, and for leave to amend its answer, asserting that some of the facts contained in the answer require amendment. County Court granted petitioner's motion to dismiss the defenses in the answer, denied respondent's cross motion in its entirety and granted the foreclosure petition. Respondent appeals.
Respondent initially contends that because the affidavits proffered by petitioner contain statements of law and legal arguments, County Court erred in denying its cross motion to strike the affidavits. The Uniform Rules for Trial Courts provides that "[a]ffidavits shall be for a statement of the relevant facts, and briefs shall be for a statement of the relevant law" (Uniform Rules for Trial Cts [22 NYCRR] § 202.8 [c]). "The practice of embodying argument on the facts and law in an affidavit, including the citation of authorities, is improper and is disapproved" (Taylor v African M.E. Church, 265 App Div 858, 858 [1942]).
Petitioner submitted an affidavit by its counsel, Daniel Tedford, and an affidavit by its treasurer, Michael Diskin. Tedford averred that there are no allegations in the answer that the taxes were paid or that the properties were not subject to the foreclosure proceedings, there are no allegations of fraud, improper practice or misdealing on behalf of petitioner and that the only potential dispute is related to a prior assessment that is not germane to the present proceedings. Diskin averred that petitioner complied with RPTL 1124 by appropriately mailing, posting and publishing the combined notice and petition of foreclosure. We find that the references to RPTL in Diskin's affidavit served the purpose of identifying the requisite statute and that it factually complied with the statute's requirements. Tedford's affidavit merely pointed out the absence of any legal defenses asserted in the answer. We note that neither affidavit contained any case citations nor were there any legal arguments formulated therein[*2]. Even if it could be determined that legal arguments were contained in the affidavits, "the court may overlook such defects" (Lagattuta-Spataro v Sciarrino, 191 AD3d 1355, 1356 [2021]). Furthermore, "such a minor deviation does not justify striking motion papers" (Wider v Heritage Maintenance, Inc., 14 Misc 3d 963, 966 [2007]). Thus, County Court properly denied respondent's cross motion to strike the affidavits.
Respondent next contends that petitioner's motion to dismiss respondent's defenses should have been denied because the petition was deficient and, as such, respondent was deprived of due process. "It is well settled that the requirements of due process are satisfied where notice is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the [proceeding] and afford them an opportunity to present their objections" (Matter of Harner v County of Tioga, 5 NY3d 136, 140 [2005] [internal quotation marks, brackets and citations omitted]; see Lakeside Realty LLC v County of Sullivan, 140 AD3d 1450, 1452 [2016], lv denied 28 NY3d 905 [2016]). It is undisputed that respondent received notice and timely answered. As to respondent's defense that it is uncertain if the 2012 tax assessment reduction occurred, "[i]t is well established that one challenging a tax assessment must continue to pay his [or her] taxes and that the commencement of an assessment review proceeding does not stay the collection of taxes or enforcement procedures instituted by the taxing authority" (W.T. Grant Co. v Srogi, 52 NY2d 496, 515-516 [1981]). "For that reason, a municipality ordinarily should not be denied or delayed in the enforcement of its right to collect the revenues upon which its very existence and the general welfare depends" (Matter of County of Fulton v State of New York, 76 NY2d 675, 679 [1990] [citation omitted]). "Respondent, therefore, was provided all the due process to which [it] was entitled" (Matter of County of Broome [Cekic], 162 AD3d 1348, 1349 [2018], lv dismissed 32 NY3d 1052 [2018]).
Lastly, respondent contends that County Court erred in denying its cross motion to amend its answer. Pursuant to CPLR 3025 (b), a party may amend its pleadings at any time by leave of court, and such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit (see Catlyn & Derzee, Inc. v Amedore Land Devs., LLC, 169 AD3d 1319, 1320 [2019]; NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d 99, 101-102 [2017]). The decision to grant leave to amend an answer is "within the trial court's sound discretion and will not be disturbed absent a clear abuse of that discretion" (Place v Preferred Mut. Ins. Co., 190 AD3d 1208, 1212 [2021] [internal quotation marks and citations omitted]; see Matter of Perkins v Town of Dryden Planning Bd., 172 AD3d 1695, 1697 [2019]). As relevant here, respondent sought to amend the answer as some dates and or presentation [*3]of facts required amendment, specifically claiming that the tax year assessment appears to be for the tax year 2011 rather than 2012. As noted above, a previous tax assessment proceeding does not stay the collection of taxes in subsequent years nor does it stay an enforcement proceeding. As such, it does not apply to this tax foreclosure proceeding, and the proposed amendment is devoid of merit. Accordingly, we discern no abuse of discretion by County Court in denying the cross motion for leave to amend the answer (see Matter of Perkins v Town of Dryden Planning Bd., 172 AD3d at 1697; Johnson v State of New York, 125 AD3d 1073, 1074 [2015]).
Egan Jr., J.P., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.