■ DAVID FEINMAN et al., Respondents, v MOHAMMED KADERALI, Appellant.—Yesawich, Jr., J. Appeal from an order and judgment of the Supreme Court (Cheeseman, J.), entered February 1, 1989 in Albany County, which granted plaintiffs' motion for summary judgment.

In March 1984, plaintiffs and defendant entered into a land contract by the terms of which defendant, the purchaser, was to pay plaintiffs, the sellers, $20,000 for the realty. Payment was to be made in installments of $310 on the first of each month; if a payment was more than 10 days late, defendant was obligated to pay a penalty.

The parties modified this agreement on November 8, 1985. The modification, insofar as relevant here, provided:

"1. Purchaser shall pay to Sellers on the 15th day of each month, the amount of the mortgage payments which previously had been due on the 1st day of the following month.

"2. Except for the mortgage payable to Home & City Savings Bank, the remaining principal balance, plus any accrued interest, shall be paid in full by Purchaser on or before December 31, 1985."

Following execution of the modification, defendant tendered the next payment on December 10, 1985. Plaintiffs refused to accept the payment, claiming that defendant was in default because he had not delivered $310 on November 15, 1985. On or about January 3, 1986, defendant mailed the December 10, 1985 check to plaintiffs' attorney, who, in returning it, advised that defendant was not only in default as to the monthly payment, but also as to the balloon payment which was to have been made December 31, 1985.

Plaintiffs then commenced this action on January 7, 1986 seeking possession of the premises and damages for defendant's alleged breach of contract. After issue was joined, plaintiffs sought summary judgment. Their supporting affidavits recount that defendant was in default with respect to the November 15, 1985 installment for more than the 30-day grace period, and that he never made the balloon payment. In response, defendant avers that the parties intended that the modified installment payment date was to take effect only

after defendant made the balloon payment. Supreme Court granted plaintiffs' motion; we reverse.

Resolution of the motion turns on whether the modification was, as plaintiffs contend, to take effect immediately, or whether, as defendant contends, he was not to begin making payments on the 15th day of each month until after the December 31, 1985 balloon payment was paid. If the latter was indeed the case, then defendant was not in default, and his December 10 payment was improperly refused as it was only nine days late. Unfortunately, nothing in the modification agreement indicates when the new payment date is to take effect. General rules of contract construction provide, however, that if a performance date is not fixed in the contract, a reasonable time will be implied (*Senerchia Realty Corp. v Yonkers Community Dev. Agency*, 80 AD2d 889, 890; *Webster's Red Seal Publs. v Gilberton World-Wide Publs.*, 67 AD2d 339, 343, *appeal dismissed* 49 NY2d 1047, *affd* 53 NY2d 643). And "[w]hat is a reasonable time is for the [trier of the facts] to determine considering the subject matter of the contract, what the parties contemplated at the time it was entered and the circumstances surrounding performance" (*Young v Whitney*, 111 AD2d 1013, 1014). In short, whether plaintiffs reasonably could have expected defendant to have tendered payment on November 15, 1985, seven days after the modification was executed, is a triable question of fact precluding summary judgment.

Order and judgment reversed, on the law, without costs, and motion denied. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.