RICHARD KRIEG et al., Respondents, v HAROLD E. PETERS, III, et al., Appellants. [850 NYS2d 211]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Lebous, J.), entered October 30, 2006 in Delaware County, upon a verdict rendered in favor of plaintiffs.

In May 2004, the parties became adjoining property owners when defendants purchased the vacant lot next to plaintiffs' property. Defendants purportedly intended to construct a house on their property. Shortly after this purchase, defendant Harold E. Peters, III (hereinafter the husband) began clearing land

without consulting the map referenced in their deed or having a survey conducted. It is undisputed that he removed 29 trees from plaintiffs' property. Following a jury trial, plaintiffs were awarded damages, including treble damages (*see* RPAPL 861) for the removal of this timber. On appeal, defendants contest only the treble damages award.

Although it is not entirely clear whether defendants are arguing that the verdict awarding treble damages was legally insufficient and/or against the weight of the evidence, we will construe their brief as making both arguments. In so doing, and first applying the test of whether "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]), we reject any notion that the verdict was based on legally insufficient evidence. Likewise, as to the separate inquiry concerning whether the jury's verdict was against the weight of the evidence, we are unable to conclude that the evidence so preponderated in favor of defendants that the jury could not have reached the verdict in favor of plaintiffs on any fair interpretation of it (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]).

Indeed, in order to avoid treble damages, defendants had the burden of proving by clear and convincing evidence that, when they removed the trees from plaintiffs' property, they "had cause to believe the land was [their] own" (RPAPL 861 [2]). Suffice it to say, defendants' proof in this regard was woefully inadequate.* Defendant Melinda Peters (hereinafter the wife) was the only defense witness to testify on this critical issue and her testimony was more damning than helpful in sustaining their burden.

According to the wife, before she and her husband purchased the subject property, she walked it on one occasion with their realtor at which time she specifically inquired about the boundary lines. The realtor, however, was unable to answer her question with any certainty. Specifically, the wife admitted that the realtor did not know where the precise boundary lines were that day and therefore she herself did not know. The wife further testified that she informed her husband of the realtor's uncertainty when they thereafter walked the property. She also candidly admitted that no steps were taken to obtain a survey

---

* While defendants argue that "it could hardly be more evident that the tree cutting was casual and involuntary," we note that they are referencing a former version of the statute, namely, RPAPL former 861 (2) (a), which has since been repealed (*see* L 2003, ch 602, § 4).

or consult the map referenced in their deed before clearing the land. Significantly, in the face of proof that he logged the property, the husband never testified. Viewing this evidence, and reiterating that it was defendants' burden to prove that they had cause to believe that they owned the land, the verdict awarding treble damages was reached on a fair interpretation of the evidence and was not against the weight of the evidence (*see Cohen v Hallmark Cards, supra*).

To the extent that defendants argue that the Legislature did not intend for RPAPL 861 to apply to individuals, such as themselves, who make "honest" mistakes about boundary lines and that the treble damage award was a drastic remedy with "no place in this matter," it does not appear that these precise arguments were raised before Supreme Court. There is no indication, for example, that defendants moved to dismiss the RPAPL 861 cause of action for failure to state a cause of action or objected to the jury charge outlining the statutory scheme and the parties' respective burdens of proof thereunder. In any event, on its face, the statutory scheme clearly applies to the facts and circumstances of this case and, in the absence of sufficient proof on defendants' part to avoid treble damages, we do not find such award to be inconsistent with its purpose or intent.

Mercure, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.