■ JOHN BARRON et al., Respondents, v DONNA DUBE, Appellant. [850 NYS2d 762]—

Appeal from an order of the Oneida County Court (Michael L. Dwyer, J.), dated August 29, 2006. The order affirmed a judgment (denominated order) of Sherrill City Court (Neal P. Rose, J.), entered August 2, 2005 in favor of plaintiffs in the amount of $5,020 in a small claims action.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: We agree with County Court that "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" in this small claims action commenced in City Court (UJCA 1807). It is undisputed that defendant removed 23 cedar trees located on plaintiffs' property and in proximity to defendant's property. Contrary to defendant's contention, plaintiffs were not required to present evidence with respect to both the replacement value of the trees and the diminished value of their property. It is well established that "the burden falls upon the defendant to prove that a lesser amount than that claimed by plaintiff will sufficiently compensate for the loss . . . Simply stated, the plaintiff need only present evidence as to one measure of damages, and that measure will be used when neither party presents evidence going to the other measure" (*Jenkins v Etlinger*, 55 NY2d 35, 39 [1982]; *see Fisher v Qualico Contr. Corp.*, 98 NY2d 534, 539 [2002]; *Hartshorn v Chaddock*, 135 NY 116, 122 [1892], *rearg denied* 32 NE 648 [1892]). Here, plaintiffs presented evidence with respect to the replacement value of the trees, and defendant failed to present any evidence with respect to the diminished value of the property. Present—Scudder, P.J., Martoche, Centra, Fahey and Gorski, JJ.