■ CARL W. MILLER et al., Appellants, v MICHAEL C. MOORE et al., Respondents. [890 NYS2d 712]—

**Rose, J.**

After listing their lakefront property for sale with defendant Warren Real Estate, plaintiffs asked one of its agents, defendant Michael C. Moore, to find someone to clean up the property and improve the view of the lake. Moore arranged for the work to be done and later obtained plaintiffs' permission to remove certain trees. Plaintiffs paid for the work, but when they discovered that many additional trees, bushes and shrubs had been destroyed and the debris had not been removed, they commenced this action against defendants. During trial, defendants moved for dismissal pursuant to CPLR 4401, and Supreme Court ultimately dismissed all of plaintiffs' causes of action. Plaintiffs now appeal.*

We find merit in plaintiffs' argument that Supreme Court

---

* Although plaintiffs' appealed from Supreme Court's final order, rather than the subsequently entered final judgment, we deem their appeal as also being taken from the judgment because it does not materially differ from the final order (*see* CPLR 5520 [c]; *Bright v McGowan*, 63 AD3d 1239, 1240 n 1 [2009], *lv granted* 13 NY3d 708 [2009]). In their appellate brief, however, plaintiffs do not address dismissal of their second cause of action or contest dismissal of their fourth cause of action. We, therefore, deem the appeal to be abandoned as to those claims (*see Ostuni v Town of Inlet*, 64 AD3d 854, 855 n [2009]).

erred in dismissing their first cause of action for breach of contract. To warrant dismissal pursuant to CPLR 4401, the nonmovant must be afforded every favorable inference from the proof presented and there must be "no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Here, Supreme Court dismissed plaintiffs' breach of contract cause of action on the grounds that they had established neither the scope of the services which they asked defendants to perform nor the time for completion of the work, and, thus, the parties' agreement was too indefinite to be enforceable. Plaintiffs presented testimony, however, that they had authorized the cutting of only two or three trees. Although defendants disputed this evidence, it nonetheless provides a rational basis to conclude that the agreement was sufficiently definite to be enforceable (*see Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 483 [1989]; *Young v Zwack, Inc.*, 98 AD2d 913, 914-915 [1983]). As for the missing time of completion, the absence of a deadline merely meant that the work had to be completed within a reasonable period of time (*see e.g. Savasta v 470 Newport Assoc.*, 82 NY2d 763, 765 [1993]; *Feinman v Kaderali*, 155 AD2d 848, 849 [1989]). It was for the jury to determine, after an appropriate instruction by the court (*see* NY PJI 4:1, Comment, at 629 [2d ed 2009]), what was a reasonable time and whether the work was completed within that time (*see Feinman v Kaderali*, 155 AD2d at 849).

We also are persuaded by plaintiffs' argument regarding the third cause of action for timber trespass pursuant to RPAPL former 861. While Supreme Court found that the evidence established only that the removal of trees was the result of defendants' mistake and the good faith acts of those who removed them, the record also supports the contrary conclusion. In his testimony, plaintiff Carl W. Miller stated that the claim that he had agreed to the cutting of more than two or three trees was the "most insane assertion [he'd] heard." In addition, while plaintiff Mildred Miller testified that the cutting of more than two or three trees was a "crazy mistake," she went on to explain that, rather than occurring unintentionally, Moore "had to have known about this" and "[n]o one in their right mind would have done that." From this evidence, the jury could rationally infer that the removal of trees that took place was not authorized and defendants' actions in having them removed were not the result of a good faith mistake. In any event, even if the evidence established mere good faith negligence in removal of the trees, that would not defeat plaintiffs' claim, but only limit their damages to the single value of the trees (*see* RPAPL

former 861 [2]; *Myers v NYNEX Corp.*, 257 AD2d 898, 899 [1999]; *Cunningham v Brischke*, 167 AD2d 604, 605 [1990]). Thus, we reverse Supreme Court's order as to the first and third causes of action, deny defendants' motion as to them, and remit the matter for a new trial on those claims.

Finally, because this action will be tried again, we also consider plaintiffs' claim that Supreme Court erred in allowing defense counsel to use a letter from James Warren, the president of Warren Real Estate, during the cross-examination of Carl Miller. The letter related Warren's view that clearing vegetation from plaintiffs' property had not diminished, but rather increased, its value. Defense counsel read a portion of the letter in the jury's presence in an attempt to impeach Carl Miller's testimony that Warren had acknowledged the property damage and would make reparations. Inasmuch as the letter was not a prior statement of the witness, its use for impeachment was not authorized by CPLR 4514. Nor could it otherwise be presented to the jury because it was hearsay (*see* Prince, Richardson on Evidence § 6-411, at 407 [Farrell 11th ed]; *Larkin v Nassau Elec. R.R. Co.*, 205 NY 267, 270 [1912]), and no foundation was laid for its later admission into evidence as a business record (*see* CPLR 4518 [a]; *Colonno v Executive I Assoc.*, 228 AD2d 859, 861 [1996]). Thus, plaintiffs' objections to its use should have been sustained.

We have considered plaintiffs' remaining contentions and find them to be without merit.

Mercure, J.P., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion pursuant to CPLR 4401 for dismissal of the first and third causes of action; said motion denied to that extent and matter remitted to the Supreme Court for a new trial of those causes of action; and, as so modified, affirmed.