In an action, inter alia, to recover treble damages pursuant to RPAPL 861, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered January 26, 2009, which, upon a jury verdict finding the defendant George A. Fuller Company, Inc., 50% at fault for the removal of one of the plaintiffs trees and the debranching of another, and that the plaintiff sustained damages in the principal sum of only $40,000, and upon an order of the same court entered December 23, 2008, among other things, denying that branch of its motion which was for an award of treble damages with respect to the debranched tree, is in its favor and against the defendant George A. Fuller Company, Inc., in the principal sum of only $40,000 ($10,000 for the debranched tree and $30,000 for the removed tree), and failed to award treble damages with respect to the debranched tree, and the defendant George A. Fuller Company, Inc., cross-appeals from the same judgment, which is in favor of the plaintiff and against it.
Ordered that the judgment is modified, on the law, by deleting the provision thereof in favor of the plaintiff and against the defendant George A. Fuller Company, Inc., in the principal sum of $10,000 for the debranched tree; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a trial on the issue of treble damages, if any, resulting from the damage caused to the debranched tree, and the entry thereafter of an appropriate amended judgment.
During the construction of a parking garage and related structures on certain property located adjacent to the plaintiffs property, two trees on the plaintiffs property were damaged. Specifically, one tree was cut down (hereinafter the first tree) and branches of another tree were removed (hereinafter the second tree). The plaintiff commenced this action against, among others, the defendant George A. Fuller Company, Inc. (hereinafter GAFCO), the general contractor on the project, seeking, inter alia, to recover treble damages pursuant to RPAPL 861, which refers to the removal of, destruction of, or damage to trees without the owner’s consent. After a trial, the jury found GAFCO to be 50% at fault and awarded damages to the plaintiff in the principal sum of $40,000. Thereafter, the *703 Supreme Court trebled the damages with regard to the first tree, but not as to the second tree.
Pursuant to RPAPL former 861 (2) (a), where a plaintiff is awarded “any damages [under that statute], he [or she] is entitled to judgment for treble the sum so awarded” unless there is an affirmative finding that the “injury, for which the action was brought, was casual and involuntary” (Property Owners Assn. of Harbor Acres v Ying, 137 AD2d 509, 510-511 [1988]; see Ahearn v Carroll, 305 AD2d 523 [2003]). The burden is on the defendant to prove, by clear and convincing evidence, that the trespass was casual and involuntary and “the result of good-faith negligence” (Whitaker v McGee, 111 AD2d 459, 461 [1985]; see Krieg v Peters, 46 AD3d 1190, 1191 [2007]). Here, with regard to the second tree, the Supreme Court erroneously shifted this burden of proof from GAFCO to the plaintiff by refusing to charge the jury on the issue of treble damages on the ground that the plaintiff did not present clear and convincing evidence that the damage to the second tree was not casual and involuntary. In doing so, the Supreme Court did not permit the jury to consider the issue of whether the damage to the second tree was “casual and involuntary,” so as to preclude an award of treble damages as to that tree. Accordingly, we reverse the judgment and remit the matter to the Supreme Court, Westchester County, for a trial on the issue of treble damages, if any, resulting from the damage caused to the second tree, and the entry thereafter of an appropriate amended judgment.
The parties’ remaining contentions either need not be reached in light of our determination or are without merit. Rivera, J.P., Florio, Angiolillo and Austin, JJ., concur.