Eeters, EJ.
Appeals (1) from an order of the Supreme Court (O’Shea, J.), entered November 30, 2010 in Chemung County, which, among other things, found defendants Betty S. Morgan and Leander Morgan liable for treble damages, and (2) from the judgment entered thereon.
Plaintiffs own roughly 55 acres of real property in the Town of Veteran, Chemung County, the northern 15 acres of which are erroneously included in the deed description of property owned by plaintiffs’ neighbor, defendant Betty S. Morgan. Beginning in 1986, Morgan and her son, defendant Leander Morgan, attempted to assert ownership of plaintiffs’ northern 15 acres. In 2004, the Morgans entered into a timber contract with defendant James Gee (hereinafter defendant), a logger, to harvest trees from the disputed property. Apparently unaware of the parties’ property dispute and relying on the Morgans’ representations that Betty Morgan owned the disputed 15 acres, defendant began harvesting the trees in April 2005.
After plaintiffs learned of defendant’s activities on their land, they commenced this action against defendant and the Morgans seeking treble damages for the injuries to their property pursuant to RPAPL 861 (1). Following a nonjury trial, Supreme Court found the Morgans liable to plaintiffs, but dismissed their claims against defendant based on an indemnification agreement between defendant and the Morgans. Elaintiffs appealed that order and moved to reargue before Supreme Court. The court denied plaintiffs’ motion, this time on the ground that defendant was not a “culpable party” under RFAPL 861 sufficient to impose liability upon him for the damage to plaintiffs’ property. A judgment was issued awarding plaintiffs treble damages against the Morgans, for a total award of $81,768.96 plus interest. Elaintiffs appeal.
To the extent that Supreme Court found that dismissal of plaintiffs’ claims against defendant was warranted based on the *1627 existence of an indemnification agreement between the Morgans and defendant, this was error. The indemnification agreement relied upon by Supreme Court merely established the Morgans’ obligation to hold defendant harmless in the event that he was held liable for his logging activities. As such, the existence of the agreement did not affect plaintiffs’ right to a judgment against defendant based on his conduct but, rather, simply represented an allocation of the risk of liability among defendant and the Morgans (see generally Federal Ins. Co. v Walker, 53 NY2d 24, 32-33 [1981]).
Nor did Supreme Court’s alternate finding — that defendant did not “possess [ ] even a minimal degree of culpability” in harvesting plaintiffs’ timber — provide a basis for dismissing plaintiffs’ claims against defendant. RPAPL 861 (1) permits a property owner to maintain an action against “any person” who, without the owner’s consent, “cuts, removes, injures or destroys, or causes to be cut, removed, injured or destroyed, any underwood, tree or timber [from the owner’s] land” and recover from that person damages amounting to “treble the stumpage value of the tree or timber or [$250] per tree, or both” for the injury (see Vanderwerken v Bellinger, 72 AD3d 1473, 1474 [2010]). To escape the statute’s default imposition of treble damages, the trespasser bears the burden of proving, by clear and convincing evidence, that “he or she had cause to believe the land was his or her own ... or [that] he or she had a legal right to harvest such land” (RPAPL 861 [2]; see Vanderwerken v Bellinger, 72 AD3d at 1475; Krieg v Peters, 46 AD3d 1190, 1191 [2007]). Yet, even where the trespasser is able to prove this good faith belief in his or her legal right to harvest the property, he or she will still be “liable [to the property owner] for the stump-age value or [$250] per tree, or both,” for the otherwise unlawful taking (RPAPL 861 [2]; see Miller v Moore, 68 AD3d 1325, 1327 [2009]).
Here, plaintiffs proved, and defendant does not contest, that defendant entered onto their property and removed trees without their consent, thereby establishing their prima facie entitlement to treble damages against defendant (see RPAPL 861 [1]). The burden thus shifted to defendant to mitigate those damages by showing that he had cause to believe that he had a legal right to harvest plaintiffs’ trees (see RPAPL 861 [2]; see e.g. Vanderwerken v Bellinger, 72 AD3d at 1475). At trial, Leander Morgan testified that, when he contracted with defendant to harvest the trees, he told defendant that his mother owned plaintiffs’ property, provided him with Betty Morgan’s deed to her property and a tax map — both of which showed that *1628 she owned plaintiffs’ land — and flagged and painted the purported boundaries of Betty Morgan’s property in such a way as to include plaintiffs’ parcel within it. Upon our independent review of the record and giving due deference to Supreme Court’s credibility determinations (see Richmor Aviation, Inc. v Sportsflight Air, Inc., 82 AD3d 1423, 1424 [2011]; Shon v State of New York, 75 AD3d 1035, 1036 [2010]), we agree that defendant proved by clear and convincing evidence that he had good cause to believe that he had a legal right to cut plaintiffs’ trees (compare Krieg v Peters, 46 AD3d at 1191-1192). We iterate, however, that inasmuch as a trespasser’s good faith belief in a legal right to harvest timber does not absolve that person from all liability under RPAPL 861, but merely saves him or her from having to pay the plaintiff treble damages (see RPAPL 861 [2]; Miller v Moore, 68 AD3d at 1327), defendant is liable to plaintiffs for damages amounting to the stumpage value of plaintiffs’ trees (see RPAPL 861 [2]).
Mercure, Stein, McCarthy and Garry, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as dismissed plaintiffs’ claims against defendant James Gee; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.