Lahtinen, J.
(1) Cross appeals (a) from an order of the Supreme Court (Zwack, J.), entered December 20, 2013 in Columbia County, which partially denied defendants’ motion for summary judgment dismissing the complaint, and (b) from an order of said court, entered May 13, 2014 in Columbia County, which assessed certain damages against defendant Castlerick, LLC, and (2) appeal from the judgment entered thereon.
Defendants Jonathan Rick and George Castleman are principals of defendant Castlerick, LLC, which owned unimproved land adjoining plaintiffs’ real property in the Town of New Lebanon, Columbia County. Robert Kavanaugh approached defendants about allowing him to cut timber on Castlerick’s property, and defendants verbally agreed to allow such work for a portion of the profits. During the course of the work, Kavanaugh entered and cut timber on plaintiffs’ property. Plaintiffs commenced this action against defendants alleging various theories of liability. Kavanaugh — who ostensibly could not be located — was not made a party to the action, and defendants moved for summary judgment dismissing the complaint upon the ground that they were not liable for the acts of Kavanaugh, who defendants contended acted as an independent contractor.
Supreme Court, among other things, dismissed all causes of action as to Rick and Castleman, individually, and determined that damages would be limited to $250 per tree. Although plaintiffs had not made a cross motion, the court essentially granted partial summary judgment to plaintiffs against Castlerick as the court found that plaintiffs were entitled to *1154 damages from Castlerick. The court directed the parties to submit affidavits regarding the number of trees destroyed, and stated that, after its review of the affidavits, it would decide whether a hearing on damages was necessary. Plaintiffs and Castlerick cross- appealed from the order. The parties, among other things, submitted affidavits regarding damages as directed. Supreme Court rejected as incredible the calculation of plaintiffs’ expert that 380 trees had been cut, and it accepted the estimate of defendants’ expert of 87 cut trees, resulting in total damages of $21,750. Plaintiffs and Castlerick cross-appealed from this second order, and plaintiffs appealed from the ensuing judgment entered thereon.
It was error to grant summary judgment relief to defendants for issues not raised in their motion papers including, among other things, dismissing the complaint as to Rick and Castle-man upon the ground that the property was owned by Castlerick. These issues were not properly before Supreme Court. Defendants’ motion for summary judgment was based upon the assertion that Kavanaugh was an independent contractor and that they therefore were not liable for his acts. The parties were not notified that additional issues would be addressed in the motion and, to the extent that defendants’ reply papers referenced the ownership issue, “reply papers are intended to address contentions raised in opposition to the motion and not to introduce new arguments in support of the motion” (N.A.S. Partnership v Kligerman, 271 AD2d 922, 923 [2000]). Plaintiffs were “not afforded an opportunity to address the new argument[s]” (Matter of Allstate Ins. Co. v Dawkins, 52 AD3d 826, 827 [2008]) and, in addition, the record was not sufficiently developed to resolve such issues as a matter of law.
We turn next to the merits of defendants’ argument that they are not liable to plaintiffs for Kavanaugh’s alleged independent acts.[1] Any person who engages in — or causes another to engage in — the cutting, removing, injuring or destroying of the trees of another without the owner’s consent is liable for such conduct (see RPAPL 861 [1]; Vanderwerken v Bellinger, 72 AD3d 1473, 1474 [2010]). The fact that a logger trespasses while working as an independent contractor for an adjoining landowner “does not provide [the adjoining landowner] with an impenetrable shield for it has long been the law of this [s]tate that property owners are not protected from liability for a trespass committed by an independent contractor if they *1155 directed the trespass or such trespass was necessary to complete the contract” (Axtell v Kurey, 222 AD2d 804, 805 [1995], lv denied 88 NY2d 802 [1996]; see Spellburg v South Bay Realty, LLC, 49 AD3d 1001, 1002 [2008]; cf. Brown v Arcady Realty Corp., 1 AD3d 753, 755 [2003], lv denied 3 NY3d 606 [2004]).[2] There was proof that defendants had affirmatively provided Kavanaugh incorrect information regarding the boundaries. Colton Brown, the spouse of plaintiff Natasha Szarkowski Brown, related in an affidavit conversations that he allegedly had with Rick and Castleman shortly after the trees were cut in which they acknowledged that they had walked the property lines with Kavanaugh and pointed out to him a stone wall as a boundary between the properties. However, there were two stone walls and the one referenced as a boundary was not a boundary, but was located entirely on plaintiffs’ property. According to Brown, Rick and Castleman also stated that they had visited the property while the logging was in progress. Although defendants denied many of the key allegations and presented conflicting evidence, nonetheless viewed most favorably to plaintiffs as the nonmovants (see e.g. Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), there is ample proof in the record to raise a triable issue regarding defendants’ liability.
Supreme Court erred in granting partial summary judgment to plaintiffs against Castlerick and then determining damages as a matter of law. A court has the authority to search the record and grant summary judgment to a nonmoving party (see CPLR 3212 [b]; Schillaci v Sarris, 122 AD3d 1085, 1088 [2014]). However, when the conflicting proof is considered on this issue in a light most favorable to Castlerick as the opponent of summary disposition, there are factual issues regarding liability arising from defendants’ proof that they showed Kavanaugh the correct boundaries, they were neither present nor participated in any lumbering activities, and they never received any compensation from Kavanaugh (see Brown v Arcady Realty Corp., 1 AD3d at 755-756). Moreover, even if liability had been properly established, damages were not susceptible on this rec *1156 ord to summary determination. Potential damages include treble[3] the stumpage value—as defined by RPAPL 861 (3)—or $250 per tree, or both (see RPAPL 861 [1]; Fernandes v Morgan, 95 AD3d 1626, 1627 [2012]). Here, among other things, there was proof reflecting significant discrepancies in the number of trees cut on plaintiffs’ property, thus creating an issue for the factfinder. The remaining issues are academic.
Peters, P.J., Rose and Devine, JJ., concur. Ordered that the order entered December 20, 2013 is modified, on the law, without costs, by reversing so much thereof as (1) partially granted defendants’ motion for summary judgment and (2) sua sponte granted plaintiffs partial summary judgment against defendant Castlerick, LLC; defendants’ motion denied in its entirety and sua sponte determination vacated; and, as so modified, affirmed. Ordered that the order entered May 13, 2014 and the judgment are reversed, on the law, without costs, and judgment vacated.

. This argument, if meritorious, would provide a properly raised alternative ground to uphold the dismissal as to Rick and Castleman, in addition to dismissal as to Castlerick.

. Although Axtell v Kurey (supra) was decided under RPAPL former 861, the current statute, enacted in 2003 (see L 2003, chs 602, 623), specifically includes potential liability not only for any person who cuts trees, but also for one who “causes [trees] to be cut” (RPAPL 861 [1]). This keeps in place potential liability for a person who hires another to do the work (see generally Mem of Legislative Bureau of the Office of the Attorney General, Bill Jacket, L 2003, ch 602 at 16 [“The bill also subjects to liability those who hire the person committing the violation or otherwise cause the violation to occur”]).

. “To escape . . . treble damages, the trespasser bears the burden of proving, by clear and convincing evidence, that ‘he or she had cause to believe the land was his or her own ... or [that] he or she had a legal right to harvest such land’ ” (Fernandes v Morgan, 95 AD3d 1626, 1627 [2012], quoting RPAPL 861 [2]).