*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   December 10, 2015                520367
_____

DENNIS HALSTEAD et al.,
                    Appellants,
          v                                 MEMORANDUM AND ORDER

BRAD FOURNIA et al.,
                    Respondents.
_____


Calendar Date:   October 16, 2015

Before:   McCarthy, J.P., Rose, Lynch and Devine, JJ.

                         _____


        E. Stewart Jones Hacker & Murphy, LLP, Latham (John F.
Harwick of counsel), for appellants.

        Powers & Santola, LLP, Albany (Michael J. Hutter of
counsel), for respondents.

                         _____


Devine, J.

        Appeal from that part of an order of the Supreme Court
(Muller, J.), entered July 29, 2014 in Clinton County, which
partially denied plaintiffs' motion for summary judgment.

        Defendant John Jamison contracted with defendant Brad
Fournia to cut timber on real property in the Town of Saranac,
Clinton County that is owned by Jamison and his wife.  Jamison
showed Fournia an old line of surveying ribbons that purportedly
marked the property boundary with land owned by plaintiffs.  The
ribbons did not mark the actual property boundary, which resulted
in Fournia cutting and removing 488 trees on plaintiffs'
property.

Plaintiffs thereafter commenced this action and asserted various claims related to the removal of the timber. Following joinder of issue and discovery, plaintiffs moved for summary judgment. Supreme Court granted summary judgment to plaintiffs on the issue of liability, but found that questions of fact required a trial on the issue of damages. Plaintiffs appeal from that part of the order declining to grant summary judgment on the issue of damages.

We affirm, albeit for reasons different than those advanced by Supreme Court. Defendants concede that they removed timber from plaintiffs' property without permission to do so, rendering them liable (see RPAPL 861; Jones v Castlerick, LLC, 128 AD3d 1153, 1154 [2015]). Supreme Court found questions of fact with regard to whether defendants "had good cause to believe that [they] had a legal right to cut plaintiffs' trees" (Fernandes v Morgan, 95 AD3d 1626, 1628 [2012]). Plaintiffs did not dispute on appeal — and conceded at oral argument — that defendants believed in good faith that they were entitled to remove the trees. In any event, the demonstration by a trespasser of a "good faith belief in a legal right to harvest timber does not absolve that person from all liability under RPAPL 861, but merely saves him or her from having to pay the plaintiff treble damages" as measured by the stumpage value of the trees removed (id.; see RPAPL 861). Plaintiffs submitted proof as to the stumpage value of the trees, but made clear that they were electing to seek statutory damages of $250 per tree that are available in any successful timber trespass claim (see RPAPL 861 [1], [2]; Fernandes v Morgan, 95 AD3d at 1628; Vanderwerken v Bellinger, 72 AD3d 1473, 1476 [2010]).

Defendants assert that damages of $250 per tree are not mandatory, and that RPAPL 861 affords discretion to Supreme Court to award a lesser amount of statutory damages. To effectuate the intent of the Legislature in enacting RPAPL 861, we look to the language of the statute, mindful that "[w]hen its language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of its words" (People ex rel. Harris v Sullivan, 74 NY2d 305, 309 [1989]; see Matter of Liberius v New York City Health & Hosps. Corp., 129 AD3d 1170, 1171 [2015]). The statute unambiguously directs that defendants "shall be

liable for the stumpage value or [$250] per tree, or both," and gives no indication that a lesser amount of statutory damages per tree may be awarded (RPAPL 861 [2]). That reading of the statutory language is confirmed by the legislative history of RPAPL 861, which was enacted in 2003 in an effort to deter the illegal taking of timber by increasing the potential damages for that activity (see Senate Introducer's Mem in Support, Bill Jacket, L 2003, ch 602, at 7; Mem of Dept of Envtl Conservation, Bill Jacket, L 2003, ch 602, at 14). The legislation was understood, in line with that intent, to "provid[e] for more suitable fines of at least $250 per tree" (Mem of Counsel for St Off of Parks, Recreation and Historic Preservation, Bill Jacket, L 2003, ch 602, at 21 [emphasis added]). Statutory damages of $250 per tree, which cannot be reduced, amounts to $122,000 given the undisputed fact that 488 trees were removed.

Plaintiffs have accordingly demonstrated that they are entitled to $122,000 under one measure of damages, but that does not end the matter. Supreme Court is not obliged to award statutory damages and is entrusted with the discretion to award "the stumpage value or [$250] per tree, or both" for an unlawful taking (RPAPL 861 [2] [emphasis added]; see Fernandes v Morgan, 95 AD3d 1626, 1627 [2012]). Were it the case that plaintiffs "only present[ed] evidence as to one measure of damages," their claimed damages would be used in the absence of "evidence going to the other measure" (Jenkins v Etlinger, 55 NY2d 35, 39 [1982]; see Fisher v Qualico Contr. Corp., 98 NY2d 534, 539 [2002]; Barron v Dube, 48 AD3d 1059, 1059 [2008]; Jaklitsch v Finnerty, 96 AD2d 690, 691 [1983]). In this case, however, both plaintiffs and defendants submitted proof as to the other measure, with plaintiffs providing the affidavit and report of a forester who opined that the stumpage value of the trees was under $5,000. Inasmuch as plaintiffs' own motion papers left unresolved the issue of whether "a lesser amount than that claimed . . . will sufficiently compensate for the loss," Supreme Court correctly directed an immediate trial on the issue of damages (Jenkins v Etlinger, 55 NY2d at 39; see CPLR 3212 [c]; see also Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).

As a final matter, plaintiffs assert that they are entitled to an award of counsel fees as a component of their damages.

"Under the general rule, attorneys' fees and disbursements are incidents of litigation and the prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties or by statute or court rule" (Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5 [1986] [citations omitted]; accord Mount Vernon City School Dist. v Nova Cas. Co., 19 NY3d 28, 39 [2012]).  Plaintiffs claim that they may recover counsel fees pursuant to RPAPL 861 (2), but that statute only provides for an award of the "reasonable costs associated with maintaining [the] action."  Counsel fees are not costs, and empowering a court to award one does not ordinarily constitute authority to award the other (see Moskowitz v Wolchok, 126 AD2d 463, 464 [1987]; Matter of O'Brien, 28 AD2d 1040, 1040 [1967]; Miss Susan, Inc. v Enterprise & Century Undergarment Co., Inc., 270 App Div 747, 750 [1946], affd 297 NY 512 [1947]).  Strictly construing the language of RPAPL 861, as we must (see e.g. Matter of Mingo v Chappius, 123 AD3d 1347, 1347 [2014], lv dismissed 25 NY3d 1038 [2015]), we discern nothing beyond an intent to award incidental "expenses incurred in prosecuting or defending an action or special proceeding," the definition of costs rather than counsel fees (Stevens v Central Natl. Bank of Boston, 168 NY 560, 566 [1901]; see e.g. Alland v Consumers Credit Corp., 476 F2d 951, 955-956 [2d Cir 1973]; Libra Bank Ltd. v Banco Nacional De Costa Rica, S.A., 570 F Supp 870, 892-893 [SD NY 1983]).  Thus, RPAPL 861 does not permit an award of counsel fees to a prevailing party and, to the extent our decision in Vanderwerken v Bellinger (72 AD3d at 1476) reads to the contrary, it should not be followed.

McCarthy, J.P., Rose and Lynch, JJ., concur.


ORDERED that the order is affirmed, with costs.



ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court