DiSanto v D'Assy (2018 NY Slip Op 05007)





DiSanto v D'Assy


2018 NY Slip Op 05007


Decided on July 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 5, 2018

525993

[*1]JOSEPH DiSANTO, Appellant,
v
ALEXANDRE GEOFFROY D'ASSY, Defendant, and SEWARD SAND & GRAVEL, INC., Respondent.

Calendar Date: June 7, 2018

Before: Garry, P.J., McCarthy, Lynch, Devine and Mulvey, JJ.


Conway & Kirby, PLLC, Delmar (Michelle A. Storm of counsel), for appellant.
Law Offices of Theresa J. Puleo, Syracuse (Leigh A. Lieberman of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an order of the Supreme Court (Lambert, J.), entered February 3, 2017 in Delaware County, which, among other things, calculated the amount of damages owed to plaintiff by defendant Seward Sand & Gravel, Inc.
Defendant Alexandre Geoffroy D'Assy owned property adjacent to plaintiff's property (hereinafter the subject property). D'Assy hired defendant Seward Sand & Gravel, Inc. (hereinafter defendant) to clear trees that, at D'Assy's direction, included ones on the subject property. Plaintiff thereafter commenced this action and asserted claims related to the removal of the trees. Following joinder of issue and discovery, defendant moved for summary judgment and argued, as is relevant here, that it believed in good faith that it was permitted to remove trees from the subject property so as to preclude an award of treble damages for its timber trespass (see RPAPL 861). Supreme Court granted the motion, and plaintiff now appeals.
We agree with plaintiff that his claim for timber trespass should not have been dismissed. Defendant concedes that it trespassed upon the subject property and cleared trees, rendering it liable (see RPAPL 861; Halstead v Fournia, 134 AD3d 1269, 1270 [2015]). [*2]Accordingly, in order to avoid an award of treble damages, defendant was obliged to show by clear and convincing evidence that it "had cause to believe . . . [that it had] a legal right to harvest" timber from the subject property (RPAPL 861 [2]; see Halstead v Fournia, 160 AD3d 1178, 1182 [2018]; Fernandes v Morgan, 95 AD3d 1626, 1627 [2012]). Defendant endeavored to do so with the deposition of its vice-president, who stated that D'Assy represented that he had obtained permission from plaintiff to remove trees from the subject property. The vice-president acknowledged, however, that no efforts were made to confirm that D'Assy's account was correct. He further admitted that he did not recall if this conversation with D'Assy occurred before or after the actual trespass. The foregoing proof, particularly in view of the aim of RPAPL 861 to encourage timber harvesters to be more diligent in preventing inadvertent timber trespass (see Halstead v Fournia, 160 AD3d at 1182), is not at all clear as to whether defendant had a good faith basis for believing that it had permission from plaintiff to remove timber from the subject property at the time it did so. Defendant therefore failed to meet its initial burden of demonstrating the absence of "factual questions with regard to whether plaintiff is entitled to treble damages pursuant to RPAPL 861" (Backus v Lyme Adirondack Timberlands II, LLC, 144 AD3d 1454, 1458 [2016]; see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Finally, plaintiff correctly points out that he is entitled not only to "'the stumpage value or $250 per tree, or both' for an unlawful taking" (Halstead v Fournia, 134 AD3d at 1271, quoting RPAPL 861 [2]; see Fernandes v Morgan, 95 AD3d at 1627), but also reparations for "any permanent and substantial damage caused to the land or the improvements thereon as a result of such violation" (RPAPL 861 [1], [2]). Supreme Court, upon remittal, should consider all of those items in calculating its award of damages.
Garry, P.J., McCarthy, Lynch and Mulvey, JJ., concur.
ORDERED that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted that part of the motion of defendant Seward Sand & Gravel, Inc. for summary judgment dismissing plaintiff's claim for treble damages; motion denied to said extent and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.