Fair Chase Holdings II, LLC v County of Dutchess (2018 NY Slip Op 07292)





Fair Chase Holdings II, LLC v County of Dutchess


2018 NY Slip Op 07292


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2016-06341
 (Index No. 7201/12)

[*1]Fair Chase Holdings II, LLC, appellant, 
v
County of Dutchess, respondent.


Corbally, Gartland and Rappleyea, LLP, Poughkeepsie, NY (Allan B. Rappleyea of counsel), for appellant.
McCabe & Mack LLP, Poughkeepsie, NY (Christina M. Piracci and David L. Posner of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for injury to real property pursuant to RPAPL 861, the plaintiff appeals from a judgment of the Supreme Court, Dutchess County (Paul I. Marx, J.), entered January 15, 2016. The judgment, upon an order of the same court dated September 14, 2015, granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability, in effect, searching the record and awarding the defendant summary judgment dismissing so much of the complaint as sought to recover damages for permanent and substantial damage to the land, treble damages, and costs associated with maintaining the action, and assessing statutory damages, is in favor of the plaintiff and against the defendant in the principal sum of only $3,125.
ORDERED that the judgment is reversed, on the law, without costs or disbursements, so much of the order as, in effect, searched the record and awarded the defendant summary judgment dismissing so much of the complaint as sought to recover damages for permanent and substantial damage to the land and assessed statutory damages is vacated, and the matter is remitted to the Supreme Court, Dutchess County, for a trial on the issue of damages for permanent and substantial damage to the land and statutory damages.
The plaintiff commenced this action pursuant to RPAPL 861 seeking to recover damages for the defendant's cutting and removal of trees and underwood from the plaintiff's real property. After the completion of discovery, the plaintiff moved for summary judgment on the complaint. In an order dated September 14, 2015, the Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability and, in effect, searched the record and awarded the defendant summary judgment dismissing so much of the complaint as sought to recover damages for permanent and substantial damage to the land, treble damages, and costs associated with maintaining the action. Additionally, the court determined that the amount requested by the plaintiff for statutory damages of $250 per tree should be reduced because certain trees were located on the property line. The plaintiff appeals from a judgment in its favor and against the defendant in the principal sum of only $3,125.
The Supreme Court has the authority, pursuant to CPLR 3212(b), to search the record and award summary judgment to a nonmoving party with respect to an issue that was the subject of [*2]the motion (see Dunham v Hilco Constr. Co., 89 NY2d 425, 429-430; Pope v Safety & Quality Plus, Inc., 74 AD3d 1040, 1042; Murray v Murray, 28 AD3d 624, 625). We agree with the court's determination to search the record and award the defendant summary judgment dismissing so much of the complaint as sought to recover treble damages. The plaintiff conceded that it was not seeking to recover the stumpage value of the trees, and RPAPL 861(1) provides that only the stumpage value is to be trebled (see Halstead v Fournia, 134 AD3d 1269, 1270; Vanderwerken v Bellinger, 72 AD3d 1473, 1476; Western N.Y. Land Conservancy, Inc. v Cullen, 66 AD3d 1461, 1464). Additionally, the plaintiff was not entitled, pursuant to RPAPL 861(2), to recover the costs associated with maintaining the action, since it sought recovery pursuant to RPAPL 861(1) (cf. Halstead v Fournia, 160 AD3d 1178).
However, the record does not establish that the defendant is entitled to summary judgment dismissing so much of the complaint as sought to recover damages for permanent and substantial damage to the land. Contrary to the Supreme Court's determination, a plaintiff is not required to seek replacement and replanting costs as part of stumpage value (see e.g. Tverskoy v Ramaswami, 83 AD3d 1195, 1198; Western N.Y. Land Conservancy, Inc. v Cullen, 66 AD3d at 1464). Moreover, the court should not have determined statutory damages as a matter of law, as there were triable issues of fact regarding, among other things, the number of trees that were located on the property line (see Jones v Castlerick, LLC, 128 AD3d 1153, 1155-1156). Accordingly, we remit the matter to the Supreme Court, Dutchess County, for a trial on the issue of damages for permanent and substantial damage to the land and statutory damages in accordance herewith.
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court